IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PAULA POGGE,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV191 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **SHEET METAL WORKERS'** | ) | |
| **INTERNATIONAL ASSOCIATION, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court *sua sponte* and pursuant to NECivR 41.1, which states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." Further, Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendant in a civil case:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case the complaint was filed on April 25, 2008. **See** Filing No. 1. Accordingly, the deadline for service of process expired **on or about August 25, 2008**. No summons has been requested and there is no proof of service of process on the defendants. Therefore, the plaintiff must make a showing of good cause for the failure of service or the action must be dismissed as against the defendants. Upon consideration,

**IT IS ORDERED:**

The plaintiff shall show cause why this case should not be dismissed for failure to prosecute this case. The showing of cause shall be filed electronically on or before the close of business **on September 10, 2008**.

Dated this 26th day of August, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge