IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAULA POGGE, | ) |
| | ) |
| Plaintiff, | )   8:08CV191 |
| | ) |
| v. | ) |
| | ) |
| SHEET METAL WORKERS' | )   MEMORANDUM AND ORDER |
| INTERNATIONAL ASSOCIATION | ) |
| LOCAL 3, SHEET METAL WORKERS' | ) |
| INTERNATIONAL ASSOCIATION, and | ) |
| SHEET METAL WORKERS' JOINT | ) |
| APPRENTICESHIP TRAINING | ) |
| COMMITTEE, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' 12(b)(5) motion to dismiss (Filing No. 10) and defendants' supplemental 12(b)(5) motion to dismiss (Filing No. 12) pursuant to Fed. R. Civ. Pro. 12(b)(5). The court has reviewed the record and the applicable law and concludes that defendants' motions should be denied in part and granted in part.

### PROCEDURAL BACKGROUND

On April 25, 2008, plaintiff Paula Pogge filed her complaint with the court, alleging claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, and the Fair Labor Standards Act. On September 10, 2008, Pogge filed a motion to extend time and show cause (Filing No. 5). On September 11, 2008, Magistrate Judge Thomas D. Thalken granted Pogge's motion, concluding that Pogge had demonstrated sufficient good cause to extend her time to effectuate service on defendants (Filing No. 6). Pogge subsequently served defendants

through Donna Simpson, the defendants' administrative assistant, on September 29, 2008, by certified mail, return receipt requested.

On October 1, 2008, defendants filed their motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(5) (Filing No. 10). In their motion to dismiss, defendants aver that Pogge's complaint should be dismissed because she filed her complaint on April 25, 2008; did not serve defendants until September 29, 2008; and therefore failed to effectuate service within the 120-day time limit promulgated by Fed. R. Civ. Pro. 4(m).

On October 10, 2008, defendants filed a supplemental 12(b)(5) motion to dismiss (Filing No. 12). In their supplemental motion, defendants contend that the court should dismiss Pogge's complaint because she failed to comply with the statutory requirements for serving process found within Neb. Rev. Stat. § 25-505-019(c).

When defendants filed their reply brief on October 22, 2008 (Filing No. 16), defendants raised an argument not raised in either of their two original motions. In their reply brief, defendants averred that Pogge failed to effectuate service on the defendants because she did not comply with Fed. R. Civ. Pro. 12(h)(1)(B) when she served process on Donna Simpson, who was not an officer of the corporation nor the corporation's authorized agent by statute. Pogge requested leave of the court to file an additional reply because the defendants had raised this new, additional argument in their reply. This court granted her leave to do so, and on October 22, 2008 (Filing No. 17), Pogge filed a reply. Both parties continued to file replies until the court ordered an end to the parties' briefing on October 28, 2008 (Filing No. 26).

Accordingly, this memorandum will address the three separate issues raised by defendants and challenged by plaintiff in defendants' motions and subsequently filed responses.

## STANDARD OF REVIEW

Rule 12(b)(5) allows a defendant to challenge the sufficiency of process before filing a responsive pleading. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5A C. Wright and A. Miller, *Federal Practice and Procedure*, §1353 at 276-77 (2d ed. 1990). "The burden of proof lies with the party raising a challenge to the sufficiency of service of process, here the defendants." *Reed v. Central Transport, Inc.*, 2006 WL 3803674, *1 (E.D. Mo., Nov. 22, 2006) (citing 2 Moore's Federal Practice § 12.33[1] (3d. ed.1997); *Bally Export Corp. v. Ballicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986)). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir.1993).

## DISCUSSION

For the reasons mentioned below, the court grants in part and denies in part defendants' motion to dismiss and supplemental motion to dismiss.

### 1.     Defendants' Claim that Plaintiff Failed to Satisfy Fed. R. Civ. Pro. 4(m)

The court denies defendants' motion to dismiss Pogge's complaint for failure to comply with Fed. R. Civ. Pro. 4(m). In their initial motion (Filing No. 10), defendants aver that Pogge has failed to comply with Fed. R. Civ. Pro. 4(m), which reads:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.* (Emphasis added.)

Defendants argue that because Pogge filed her complaint on April 25, 2008, and did not serve defendants until September 29, 2008, Pogge failed to serve defendants within the statute's 120-day limitation.

Defendants fail to acknowledge, however, that on September 10, 2008, Pogge filed a motion to extend her time to serve defendants (Filing No. 5). On September 11, 2008, Magistrate Judge Thomas D. Thalken found that Pogge demonstrated good cause and the court granted Pogge an extension until September 30, 2008, to serve defendants (Filing No. 7). "Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service." *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

Because Magistrate Judge Thomas D. Thalken concluded Pogge demonstrated "good cause" and granted her an extension of time to serve defendants, the court denies defendants' motion to dismiss Pogge's complaint based on her failure to serve defendants within the 120-day timeline pursuant to Fed. R. Civ. Pro. 4(m).

### 2. Defendants' Claim that Pogge Failed to Satisfy Neb. Rev. Stat. § 25-505-01(c)

In their supplemental motion, defendants contend that the court should dismiss Pogge's complaint because she failed to comply with Neb. Rev. Stat. § 25-505-01(c). Defendants argue that language found within Fed R. Civ. Pro. 4(e) requires Pogge to comply with Nebraska's state procedural requirements for serving process. In pertinent part, Fed. R. Civ. Pro. 4(e) states:

> Unless federal law provides otherwise . . . a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

This language, however, does not require plaintiffs in federal court to follow state procedural statutes when effectuating service. Fed. R. Civ. Pro. 4(e) merely states that plaintiffs "may" follow state law "for serving a summons." Rule 4(e)(2) lists three alternatives for effectuating service to plaintiffs in federal courts that do not require a plaintiff to serve process in accordance with state law.

Defendants' blanket contention, therefore, that Pogge's action must be dismissed because she did not comply with a Nebraska statute fails. Fed. R. Civ. Pro. 4(e) grants Pogge the option, along with the three alternatives provided in 4(e)(2), of effectuating service in accordance with the forum state's law. Clearly in this case, Pogge has elected not to serve process in accordance with Nebraska state law. Her cause of action, however, cannot be dismissed on the basis that she failed to do something she was never required to do.

Defendants' supplemental motion to dismiss Pogge's case on the basis that she failed to comply with Neb. Rev. Stat. § 25-505-01(c) is denied.

### 3. Defendants' Claim that Pogge Failed to Satisfy Fed. R. Civ. Pro. 4(h)(1)(B)

In their reply brief (Filing No. 16), defendants raised the new argument that Pogge had failed to satisfy the requirements in Fed. R. Civ. Pro. 4(h)(1)(B),[1] which states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

---

[1] Ordinarily the court's Local Rules do not permit a moving party to raise new issues (issues not initially raised in the party's motion) in the party's reply brief. In this instance, however, both the moving and non-moving party have had ample opportunity to address this issue, as both parties filed several additional reply briefs. *See* Filings Nos. 17-26. Consequently, the court will address defendants' additional argument they first raised in their reply brief. *See* NECivR 7.1(c) ("The reply brief . . . must address factual or legal issues raised in the opposing brief.").

>(1) in a judicial district of the United States:
>
>(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Pogge must comply with the requirements of Rule 4(h)(1)(B) because defendants constitute a "corporation" for purposes of Fed. R. Civ. Pro. 4(h), and because Pogge has elected not to serve defendants in compliance with Rule 4(e)(1). She must, therefore, deliver "a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law." *Id.* In this case, the record demonstrates that Pogge has failed to do so.

The record shows that Pogge served Donna Simpson, the administrative assistant to defendants. Donna Simpson is not an officer, general manager, nor is she the defendants' authorized agent. *See* Filing No. 16. Thus, Pogge has not successfully effectuated service.

Accordingly, the court grants the plaintiff 30 days from the date of this order to effectively serve process on defendants in accordance with Fed. R. Civ. Pro. 4(h)(1)(B), or otherwise in accordance with the Federal Rules of Civil Procedure. In the event the plaintiff fails to do so, defendants may renew their motion to dismiss.

## CONCLUSION

For the aforementioned reasons, the court grants in part and denies in part defendants' Rule 12(b)(5) motion to dismiss and supplemental motion to dismiss. Accordingly,

IT IS ORDERED:

1.  Defendants' motion to dismiss (Filing No. 10) is denied.

2.  Defendants' supplemental motion to dismiss (Filing No. 12) is granted in part and denied in part.

3.  The court grants the plaintiff 30 days from the date of this order in which plaintiff must properly effectuate service in compliance with Fed. R. Civ. Pro. 4(h)(1)(B), or otherwise consistent with the Federal Rules of Civil Procedure.  In the event plaintiff does not effectuate service within this deadline, then defendants may renew their motion to dismiss.

DATED this 9th day of February, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge