IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAULA POGGE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV191 |
| | ) | |
| v. | ) | |
| | ) | |
| SHEET METAL WORKERS' | ) | MEMORANDUM AND ORDER |
| INTERNATIONAL ASSOCIATION | ) | |
| LOCAL 3, SHEET METAL WORKERS' | ) | |
| INTERNATIONAL ASSOCIATION, and | ) | |
| SHEET METAL WORKERS' JOINT | ) | |
| APPRENTICESHIP TRAINING | ) | |
| COMMITTEE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss without prejudice for lack of service, Filing No. 33, pursuant to Fed. R. Civ. P. 4(m), and motion to file a supplemental brief, Filing No. 38. This court previously ordered plaintiff to effectuate proper service on the defendants within thirty days of February 9, 2009. Filing No. 27. Defendants contend that plaintiff has failed to properly effectuate service and again move this court to dismiss the case without prejudice.[1]

Defendants argue that to date no officer or agent for service of process has been properly served. The final day for effectuating service in accordance with this court's February 9, 2009, Memorandum and Order was March 11, 2009. Defendants then filed a motion to dismiss arguing that no personal service occurred. Filing No. 33, Ex. 1, Affidavit of M. H. Weinberg. Thereafter, on March 27, 2009, plaintiff filed an executed summons for service on Local No. 3, Filing No. 35; Apprenticeship Training Committee,

---

[1]The procedural background is set forth in this court's previous order at Filing No. 27, pp. 1-2.

Filing No. 36; and Sheet Metal Workers International Association, Filing No. 37. Defendants then asked for permission to file a supplemental brief to address these service filings. Filing No. 38.[2]

Defendants now argue that (1) service did not occur on Mark R. Merwald as listed in the summons, but instead on Tim Coughlin, who is not authorized to receive summons (see Filing No. 39, Ex. 1, Affidavit ("Aff.") of Tim Couglin); (2) service occurred on March 12, 2009 (one day more than the thirty-day limit); (3) plaintiff's service failed to provide a summons on each of the three defendants as required by Fed. R. Civ. P. 4(c)(1); and (4) service occurred more than thirty days after this court's February 9, 2009, order.

Plaintiff argues that this court should add three days to the period of time set forth in its previous order pursuant to Fed. R. Civ. P. 6(d). Under this scenario, argues plaintiff, she has timely effectuated service. Defendants argue that Fed. R. Civ. P. 5 and 6 do not apply to service of the complaint and do not allow for additional time. For purposes of this motion only, the court will assume that plaintiff timely served the defendants. As set forth below, however, plaintiff did not address the issue of whether she properly served these defendants nor has she offered any evidence showing she correctly served these defendants.

According to Mr. Coughlin, on or about March 12, 2009, he received three copies of the complaint and jury demand and no forms for summons. He contends that he is not authorized to receive service of process for any of the three defendants. Filing No. 39, Ex. 1, Aff. of Tim Coughlin. Defendants have offered affidavit evidence that Mr. Coughlin is not permitted to receive service on behalf of any of these defendants. *Id.* Plaintiff has

---

[2]The court will grant defendants' motion file a supplemental brief instanter.

2

failed to offer any evidence to the contrary. Given the number of times this court has given plaintiff extensions to correctly effectuate service, the court finds it must grant defendants' motion to dismiss the complaint without prejudice. *See Adams v. Allied signal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996)* (dismissal without prejudice is discretionary).

THEREFORE, IT IS ORDERED:

1. Defendants' motion to allow a supplemental brief, Filing No. 38, is granted; and
2. Defendants' motion to dismiss without prejudice, Filing No. 33, is granted.

DATED this 22nd day of May, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge